UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAY L. BELL, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-211-HAB-SLC |
| GLADIEX, et al., | |
| Defendants. | |

OPINION AND ORDER

Ray L. Bell, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bell alleges that, on July 29, 2021, while he was sleeping in his bunk in A6 Block at the Allen County Jail, he had a seizure. ECF 1 at 2. Because he did not appear to be breathing, jail officers pulled Mr. Bell off of his bunk by his arms and began to perform CPR without checking his medical records. *Id*. at 2, 4-5. Mr. Bell states he suffers from sleep apnea, and, at times, he stops breathing. *Id*. at 2. The officers then dragged Mr. Bell, who weighed 275 pounds at the time, by his arms down four flights of stairs to the nurses

station where an ambulance was waiting to take him to the hospital. *Id*. at 2-5. After Mr. Bell was treated and released from the hospital, he had a stroke, which may have been caused by being dragged down the stairs at the jail. *Id*. at 5.

Mr. Bell asserts the officers pulled so hard on his arms that his left shoulder was fractured in two places and his right shoulder came out of its socket. *Id*. at 4. As a result, he sustained nerve and tendon damage in his left arm and needed prosthetic shoulders. *Id*. at 2, 5. He was scheduled for surgery on April 11, 2022, but jail officers refused to take him to have the surgery and he had to reschedule his surgery. *Id*. at 4.

Because Mr. Bell is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Id*. The Seventh Circuit has explained that the inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id*. at 353. Thus, to state a claim under the Fourteenth Amendment, a plaintiff must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Id*. at 345. He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id*. (emphasis omitted).

While Mr. Bell's allegations are concerning, he has not stated a claim against Sheriff David Gladieux or Allen County Jail. To the extent Mr. Bell is alleging that Sheriff Gladieux did not properly supervise jail officers, there is no general *respondeat superior*

liability under 42 U.S.C. § 1983, and he cannot be held liable simply because he employed or supervised his employees. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Furthermore, he may not proceed against the Allen County Jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

The complaint does not state a claim for which relief can be granted. If Mr. Bell believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Bell needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Ray L. Bell, Jr. until **February 6, 2023**, to file an amended complaint; and

(2) CAUTIONS Ray L. Bell, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 9, 2023.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT